GEORGE H. HOSMER & others *vs.* JAMES GROAT.

Bristol. October 26. — 27, 1886. DEVENS & W. ALLEN, JJ., absent.

In an action for goods sold and delivered, it appeared that the contract was made with A. The plaintiff put in evidence tending to show that, in a certain month, the defendant informed him that A. was the defendant's agent, and authorized him to sell to A. upon the defendant's credit; and that he subsequently sold the goods to A., relying upon this statement. The defendant testified that A. was never his agent; that his only relation to A. was that of a creditor; that this relation remained the same after said month as before; and that he had never stated otherwise to any one. Three letters, dated subsequently to said month, signed by the defendant, and mailed by his order, and addressed to persons other than the plaintiff, and in which the defendant stated that A. was his agent, were admitted in evidence for the purpose of contradicting the defendant's testimony. *Held*, that the defendant had no ground of exception.

CONTRACT for goods sold and delivered, on an account annexed, which was headed " John Lee, Agent, bought of Hosmer, Codding, and Company," and the items of which were dated from September 12, 1884, to February 5, 1885. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows :

It appeared in evidence, that, prior to May 25, 1883, the plaintiffs, who were wholesale shoe dealers in Boston, had been doing business with said John Lee, who was a retail dealer in New Bedford, as agent for his wife, and had given him credit to the amount of about $100, and on said date had an account open, on their books with him as " John Lee, Agent," the form of which account was never changed; that, on said May 25, 1883, the defendant, at the request of Lee, and for the purpose, as he testified, of obtaining for Lee a larger credit, went to the store of the plaintiffs in Boston, and had a conversation with one of the firm.

The plaintiffs contended that, in this conversation, the defendant represented himself as the principal of John Lee, and that all the goods previously furnished to John Lee, agent, and then unpaid for, and all goods thereafter to be delivered to John Lee, agent, were thereafter on his, the defendant's account and responsibility, and for which he was and would be personally liable.

The defendant contended that, in this conversation, he merely explained to the plaintiffs the resources of which Lee as agent

could avail himself, and, among them, the fact that he promised to assist Lee if necessary, and so long as Lee should conduct himself properly, to the extent of $1500 or $2000, as he had been in the habit of doing previously; and denied that he represented that he had any interest in Lee's business.

It also appeared that, on said date, Lee, as agent, was indebted to the defendant in the sum of about $1500. The plaintiffs testified that it was solely upon the strength of this conversation that they brought this action against the defendant; and that, upon this conversation, the credit was thereafter given to the defendant instead of to John Lee, agent for his wife, as before.

Upon cross-examination, the defendant testified that he had never told or written to any one that John Lee was his agent; that Lee was not his agent at the time of the conversation above referred to, nor at any other time; that his only relation to Lee was that of a creditor; and that there was no change in his relations with him after that conversation. The plaintiffs thereupon offered in evidence three paper writings, signed by the defendant, the first of which, dated October 31, 1883, and addressed to " Winch Brothers," was as follows : " Yours received in regards John Lee standing. I will say he is my agent here in New Bedford, and you may let him have what goods he wants until you hear from me to the contrary." The second, dated October 26, 1883, was as follows : " Gentlemen,—What Mr. Lee stated to you is correct, he is my agent in New Bedford, and in regards to the amount of goods he wants, let him have what he wants until you hear from me to the contrary." The third, dated August 22, 1883, and addressed to the " Bureau of Credits," was as follows : " Sirs, — I received your letter inquiring if I was responsible for John Lee bills. I am at present. If there is any that is not paid when due, send me word, and oblige."

The defendant admitted his signature to these several papers, but denied all knowledge of having written them, or of their existence, for any purpose, and especially for any purpose in any way affecting the plaintiffs.

The defendant objected to the admissibility of each of the papers as produced, on the grounds, first, that, being dated long after the conversation upon which the plaintiffs relied, they could throw no light upon the alleged contract; secondly, that,

as they did not appear to be written to the plaintiffs, or in any way intended for them, or in fact communicated to them, they could have had no influence upon the plaintiffs in their course of business; and, thirdly, that, as there was no envelope, postmark, or other evidence that said papers ever left the possession of the defendant, they were not competent even to contradict the defendant, and in fact did not contradict him until some evidence was offered to show from what source said papers came.

The judge admitted said papers for the purpose of contradicting the defendant's testimony. There was some evidence tending to show that the first two of said writings were written and mailed by the order of the defendant; and the defendant further admitted, on cross-examination, that the third of said writings was written by him and sent to the Bureau of Credits.

There was evidence tending to show that the defendant was in the habit of spending much time in the store of Lee, during the time covered by the items of the account in suit; and that he had given directions as to the affairs of said store.

It also appeared in evidence, upon the cross-examination of the defendant, that on said May 25, 1883, he called at the office of the Bureau of Credits, after calling on the plaintiffs.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*W. Clifford & W. M. Butler*, for the defendant.

*H. M. Knowlton & A. E. Perry*, for the plaintiffs.

BY THE COURT. The plaintiffs put in evidence tending to show that, in May, 1883, the defendant informed them that Lee was his agent, and authorized them to sell to Lee upon his, the defendant's, credit. After this, they sold the bill of goods sued for. The defendant testified that Lee was never his agent; that his only relation to Lee was that of a creditor; that this relation remained the same after May, 1883, as before; and that he had never stated otherwise to any one.

It is clear that the three letters admitted in evidence are in direct contradiction to his testimony. They were signed by the defendant, and mailed by his order. It is immaterial that they are not addressed to the plaintiffs. They contain declarations by the defendant which directly contradict his testimony, and were clearly admissible.                    *Exceptions overruled.*